**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BIBI JAGGERNAUTH,

Plaintiff,

v.

DENTISTRY OF TAVARES, LLC,

Defendant.

Case No.: 5:26-cv-00311

## COMPLAINT

Plaintiff Bibi Jaggernauth (hereinafter the "Plaintiff"), by and through her attorneys, Consumer Attorneys PLLC, upon personal knowledge as to herself and upon information and belief as to other matters, respectfully brings this Complaint against Defendant Dentistry of Tavares, LLC (hereinafter "Defendant") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 ("ADEA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01–760.11 ("FCRA").

2. Upon information and belief, Defendant discriminated and retaliated against Plaintiff by reason of her age.

3. Plaintiff has therefore commenced this action to seek damages for age-based discrimination.

**PARTIES**

4. Plaintiff is an adult individual who is a citizen of the State of Florida residing in Lake County.

5. Plaintiff was employed by the Defendant in the State of Florida during the period of February 2024 through October 4, 2024 for a period of approximately eight (8) months.

6. Defendant is a business entity organized under the laws of Florida with a primary office located at 1941 Salk Ave., Tavares, FL 32778.

7. At all times relevant, Defendant employed Plaintiff to perform work on behalf of Defendant within the State of Florida.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331, 1343 and 29 U.S.C. § 621, *et seq*. because it involves federal questions regarding discrimination against Plaintiff on the basis of her age.

9. The Court also has supplemental jurisdiction over Plaintiff's related claims arising under State law pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the

claims occurred in this district, i.e., Plaintiff performed the work for Defendant in Tavares, Florida.

## PROCEDURAL BACKGROUND

11. Plaintiff has exhausted her administrative remedies at the Equal Employment Opportunity Commission ("EEOC").

12. The EEOC issued Plaintiff a Notice of Right to Sue, which Plaintiff received on February 3, 2026.

13. A true and correct copy of that notification is attached as **Exhibit A**.

14. This Complaint is being filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## STATEMENT OF FACTS

15. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant discriminated against the Plaintiff on the basis of her age.

16. Plaintiff was employed by Defendant since February 2024 wherein she served as a dental assistant.

17. Plaintiff steadfastly performed her job duties in a loyal, efficient, and reliable manner and maintained an unblemished record of employment for Defendant.

18. In or about June 2024, Esther Thomas, a Lead Dental Assistant, was transferred back to the office where Plaintiff was working.

19. With Ms. Thomas' arrival, there started the derogatory comments about Plaintiff's age, such as she was too old to perform her job.

20. Ms. Thomas also told Plaintiff that she "is an old dog and an old dog can't be taught new tricks," making a mockery of Plaintiff's age.

21. Ms. Thomas used derogatory language and made demeaning remarks about Plaintiff's age, which caused significant embarrassment.

22. Ms. Thomas further commented that if Plaintiff were much younger or a "spring chicken," Plaintiff would probably perform much better and move around more efficiently to do the job.

23. These comments about Plaintiff's age continued for several weeks, and Plaintiff felt deeply offended by them.

24. Plaintiff informed Ms. Thomas that her comments made her uncomfortable, but with no changes.

25. These comments were repeated multiple times, even in front of patients, and it deeply affected Plaintiff, especially because she prides herself on the quality of care she provides in her twenty-three (23) years of experience in the field.

26. Plaintiff then reported the incident to the manager, Ms. Mena, explaining the remarks made towards her.

27. Ms. Mena's response was to simply laugh and tell Plaintiff not to worry about it.

28. Ms. Mena did not address the situation with Ms. Thomas, and no resolution was offered.

29. Instead, Ms. Mena dismissed the matter as a joke.

30. Plaintiff felt humiliated and became the laughingstock among the staff.

31. Plaintiff experienced embarrassment, depression, and stress, which led to her separation from employment on October 4, 2024.

32. Plaintiff reached out to two friends for emotional support during this time, but could not afford professional counseling.

33. One of the friends is a professional counselor, but the conversation with him was one between friends, not one between doctor and patient.

34. As a result of these unlawful discrimination and retaliation, Plaintiff seeks compensatory damages, emotional distress damages, and liquidated damages in an amount to be determined at trial.

35. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## CAUSES OF ACTION

## COUNT I
## VIOLATION OF ADEA – AGE DISCRIMINATION

36. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

37. Plaintiff is a member of a protected class on the basis of her age.

38. Plaintiff, in all respects, was performing her job in a manner that was consistent with Defendant's legitimate business expectations.

39. Defendant discriminated against Plaintiff as described above by treating her differently relative to her co-employees.

40. Defendant also retaliated against Plaintiff as described above, when Plaintiff continued complaining about the different standards upon which she had been being treated.

41. Defendant's actions were taken with a willful and wanton disregard of Plaintiff's rights under Title VII.

42. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

**COUNT II**
**VIOLATION OF ADEA – RETALIATION**

43. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

44. 29 U.S.C. § 623 states, in pertinent part:

> "It shall be unlawful for an employer … to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;"

45. Defendant engaged in unlawful employment practices prohibited by 29 U.S.C. § 623 by retaliating against Plaintiff for complaining of the aforementioned violations, in the form of creating and/or permitting working conditions so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign, thereby resulting in Plaintiff's constructive discharge.

**COUNT III**
**VIOLATIONS OF THE FCRA – AGE DISCRIMINATION**

46. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

47. Defendant discriminated against Plaintiff with respect to terms, conditions, and privileges of employment because of Plaintiff's age in violation of section 760.10, Florida Statutes.

48. An employer, including the Defendant, that engages in prohibited discrimination becomes civilly liable under Florida Statutes.

49. Plaintiff is entitled to back pay, compensatory damages, punitive damages, and attorneys' fees and costs as provided under Florida law.

**COUNT IV**
**VIOLATIONS OF THE FCRA – RETALIATION**

50. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

51. The FCRA states, in pertinent part:

> "It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.
>
> See Fla. Stat. § 760.10(7).

52. Defendant engaged in unlawful employment practices prohibited by Fla. Stat. § 760.10(7) by retaliating against Plaintiff for complaining of the aforementioned violations, in the form of creating and/or permitting working conditions so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign, thereby resulting in Plaintiff's constructive discharge.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that the practices complained of herein are unlawful under applicable Federal and State laws;

B. Declare that the actions of the Defendant constituted unlawful discrimination and retaliation;

C. Grant an injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

D. Determine the damages sustained by Plaintiff as a result of Defendant's violations of Title VII, the ADRA and the FCRA, and award those damages against Defendant and in favor of Plaintiff, plus such pre-judgment and post-judgment interest as may be allowed by law;

E. Award Plaintiff her reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

F. Grant Plaintiff such other and further relief that the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
May 1, 2026

Respectfully submitted,

<u>*/s/ David Pinkhasov*</u>

David Pinkhasov, FL # 1040933
**CONSUMER ATTORNEYS**
68-29 Main Street
Flushing NY 11367
T: (718) 701-4605
F: (718) 247-8020
E: dpinkhasov@consumerattorneys.com

**SAGE LEGAL LLC**

Emanuel Kataev, Esq.
*Pro hac vice motion forthcoming*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Bibi Jaggernauth*