IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BIBI JAGGERNAUTH,

Plaintiff,

v.

DENTISTRY OF TAVARES, LLC,

Defendant.

Case No.: 5:26-cv-00311-JSM-PRL

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, DENTISTRY OF TAVARES, LLC ("Defendant"), by and through undersigned counsel and pursuant to Rules 8(a)(2), 10(b), and 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss the Complaint (Doc. 1) filed by Plaintiff, BIBI JAGGERNAUTH ("Plaintiff"). In the alternative, Defendant moves under Rule 12(f) to strike Plaintiff's demands for relief that are unavailable as a matter of law. In support, Defendant states as follows.

## INTRODUCTION

Plaintiff's four-count Complaint fails at the threshold and on the merits.

First, the Complaint is a textbook "shotgun pleading." Each of its four counts opens by re-alleging and incorporating "all allegations contained in the paragraphs above." Compl. ¶¶ 36, 43, 46, 50. As a result, Count II absorbs Count I, Count III absorbs Counts I and II, and Count IV absorbs the entire Complaint—leaving Defendant and the Court to guess which facts are meant to

support which claim. The Eleventh Circuit has repeatedly condemned exactly this structure as the "most common" type of shotgun pleading.

Second, the retaliation counts (Counts II and IV) fail on their own terms. A retaliation claim requires a materially adverse employment action taken because of protected activity. The Complaint pleads none. The only conduct it identifies after Plaintiff's internal complaint is that the office manager "laugh[ed]" and did not act on it. Compl. ¶¶ 27–29. An employer's failure to investigate or remedy an internal complaint is not a materially adverse action, and the age-related comments Plaintiff describes began before—and so were not caused by—her complaint.

Third, Plaintiff demands categories of relief the governing statutes do not permit or that she has not adequately pled. Compensatory damages for emotional distress and punitive damages are categorically unavailable under the ADEA (Count I). And her demand for punitive damages under the FCRA (Count III) is unsupported by any factual allegation of malice or reckless indifference to her protected rights.

For these reasons, and as set forth below, the Complaint should be dismissed.

## STATEMENT OF ALLEGED FACTS

For purposes of this Motion only, Defendant accepts the Complaint's well-pleaded factual allegations as true. Plaintiff, a dental assistant, alleges she worked for Defendant from February 2024 until October 4, 2024—approximately eight months. Compl. ¶¶ 5, 16, 31.

Plaintiff alleges that in or about June 2024, a lead dental assistant, Esther Thomas, transferred to Plaintiff's office and began making age-related comments—that Plaintiff was "too old" to perform her job, that "an old dog can't be taught new tricks," and that Plaintiff would perform better if she were a "spring chicken." Compl. ¶¶ 18–22. Plaintiff alleges the comments continued for several weeks. Compl. ¶ 23.

Plaintiff alleges she reported the comments to the office manager, Ms. Mena. Compl. ¶ 26. According to the Complaint, Ms. Mena "laugh[ed]," told Plaintiff "not to worry about it," and did not otherwise address the matter. Compl. ¶¶ 27–29. Plaintiff alleges she thereafter experienced "embarrassment, depression, and stress, which led to her separation from employment on October 4, 2024." Compl. ¶ 31. The Complaint does not allege that Defendant terminated, demoted, suspended, reduced the pay of, or took any other action against Plaintiff.

Plaintiff asserts four counts: age discrimination under the ADEA (Count I); retaliation under the ADEA (Count II); age discrimination under the FCRA (Count III); and retaliation under the FCRA (Count IV). Each count begins by re-alleging and incorporating every preceding paragraph. Compl. ¶¶ 36, 43, 46, 50. The Complaint also makes stray references to "Title VII" (Compl. ¶ 41) and to "Title VII" and "the ADRA" (Prayer ¶ D)—statutes under which no count is pled.

## LEGAL STANDARD

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and provides that "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). Complaints that violate Rule 8(a)(2), Rule 10(b), or both are commonly called "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

To survive a motion under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although a court accepts well-pleaded facts as true, it need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," nor a plaintiff's legal conclusions. *Id.* Dismissal is appropriate where the facts alleged, even if true, fail to establish an essential element of the claim. In the alternative, Rule 12(f) permits the Court to strike "any redundant, immaterial, impertinent, or scandalous matter," including a demand for relief unavailable as a matter of law. Fed. R. Civ. P. 12(f).

## ARGUMENT

### I. The Complaint Is an Impermissible Shotgun Pleading (Rules 8(a)(2) and 10(b)).

Each of the four counts of Plaintiff's Complaint begins by re-alleging and wholesale incorporating every preceding paragraph: "Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above." Compl. ¶¶ 36 (Count I), 43 (Count II), 46 (Count III), 50 (Count IV). The consequence is that Count II incorporates Count I; Count III incorporates Counts I and II; and Count IV incorporates Counts I, II, and III, so that the final count restates the entire Complaint. This structure makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Weiland*, 792 F.3d at 1325.

The Eleventh Circuit has identified four categories of shotgun pleadings, and "[t]he most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321–23. Such pleadings are condemned because they fail to give the defendant "adequate notice of the claims against [it] and the grounds upon which each claim rests." *Id.* at 1323. The Complaint here is the paradigm of that category.

The Eleventh Circuit has long reached the same result on materially identical facts. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (a complaint is an impermissible shotgun pleading where it "contains several counts, each one incorporating by reference the allegations of its predecessor, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions," forcing the defendant to "sift through the facts presented and decide for himself which were material"). And in *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018), the court reaffirmed that "courts in the Eleventh Circuit have little tolerance for shotgun pleadings." While a district court ordinarily should give the plaintiff at least one opportunity to replead before dismissing with prejudice, upon a defendant's motion the court may require the plaintiff to replead a complaint that violates Rules 8 and 10 so that the case may proceed on a properly framed pleading. *Id.* at 1295–96.

Although Rule 10(b) permits a later allegation to refer back to an earlier one, it does so only where a pleading refers "by number to a paragraph" for the sake of clarity. The Complaint does the opposite: it incorporates everything, indiscriminately, into everything, with no reference by number to any paragraph. The problem is not merely structural. Apart from the mass of incorporated paragraphs, the Complaint pleads little independent factual content in support of any count, and Counts II through IV rest almost entirely on incorporation and conclusory recitals of the elements. The stray references to "Title VII" (Compl. ¶ 41) and to "Title VII" and "the ADRA" (Prayer ¶ D)—none of which is pled anywhere in the Complaint—only confirm that the counts were assembled by incorporation rather than by pleading facts to each claim. The Complaint should be dismissed and Plaintiff directed to replead in conformity with Rules 8(a)(2) and 10(b).

## II. The Retaliation Counts (Counts II and IV) Fail to Plead a Materially Adverse Action.

Even setting aside the pleading defects, the retaliation counts fail on their own terms. To state a claim for retaliation under the ADEA or the FCRA, a plaintiff must allege that she engaged in protected activity, that she suffered a materially adverse action, and that the two were causally connected. *See Drago v. Jenne*, 453 F.3d 1301, 1307 (11th Cir. 2006). Florida courts construe FCRA retaliation claims in accordance with their federal counterparts. An action is "materially adverse" only if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *see also Gossard v. JPMorgan Chase & Co.*, 612 F. Supp. 2d 1242, 1246–47 (S.D. Fla. 2009).

The Complaint alleges no such action. After Plaintiff reported Ms. Thomas's comments to the manager (Compl. ¶ 26), the only alleged response was that Ms. Mena "laugh[ed]" and did not address the matter. Compl. ¶¶ 27–29. No termination, demotion, suspension, pay reduction, or other action was taken against Plaintiff. An employer's failure to investigate or act upon an internal complaint is not, by itself, a materially adverse action. *See Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010) ("[A]n employer's failure to investigate a complaint of discrimination cannot be considered an adverse employment action taken in retaliation for the filing of the same discrimination complaint."). The making of a complaint cannot simultaneously serve as both the protected activity and the retaliatory act.

The only remaining "adverse action" the retaliation counts identify is a purported constructive discharge said to arise from the failure to address Plaintiff's complaint. Compl. ¶¶ 45, 52. That theory fails for two independent reasons. First, constructive discharge requires working conditions "so intolerable that a reasonable person would be compelled to resign"—a standard

more demanding than that for a hostile work environment. The Complaint alleges only stray comments by a single coworker over a period of weeks and a manager who did not intervene; that does not approach the severity constructive discharge requires. Second, and independently, the retaliation claim founders on causation. By Plaintiff's own account, Ms. Thomas's age-related comments began in June 2024 (Compl. ¶¶ 18–23)—before Plaintiff complained to Ms. Mena (Compl. ¶ 26). Conduct that predates protected activity cannot have been undertaken in retaliation for it. Because the Complaint pleads no materially adverse action caused by Plaintiff's protected activity, Counts II and IV should be dismissed.

## III. Plaintiff's Damages Are Unavailable or Insufficiently Pled (Counts I and III).

### A. The ADEA does not authorize punitive damages or damages for emotional distress, mental anguish, or pain and suffering (Count I).

It is settled that neither punitive damages nor compensatory damages for emotional distress, mental anguish, or pain and suffering are recoverable under the ADEA. The statute's remedial scheme is limited to lost wages (back pay and front pay) and, for willful violations, liquidated damages—which themselves serve a punitive function. *See Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1446 (11th Cir. 1985) (neither punitive damages nor compensatory damages for pain and suffering are available under the ADEA); *Dean v. Am. Sec. Ins. Co.*, 559 F.2d 1036, 1038–39 (5th Cir. 1977) (the ADEA does not permit recovery of punitive damages beyond liquidated damages), binding under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). The Supreme Court has likewise recognized that the ADEA's remedies are confined to lost wages and liquidated damages and do not extend to tort-type recoveries for pain and suffering. *See Comm'r v. Schleier*, 515 U.S. 323, 326 (1995).

Count I incorporates Plaintiff's demand for "compensatory damages, emotional distress damages," Compl. ¶ 34, and for damages arising from "humiliation, degradation, [and] emotional

distress," Compl. ¶ 42, and the Prayer seeks damages of a kind unavailable under the ADEA. Because those categories of relief cannot be granted under the ADEA as a matter of law, they should be dismissed with prejudice, or in the alternative stricken under Rule 12(f).

### B. Plaintiff fails to plead facts supporting punitive damages under the FCRA (Count III).

The FCRA is patterned after Title VII, and Florida courts look to Title VII decisions when construing it. *See Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). Punitive damages therefore require a showing that the employer engaged in discrimination "with malice or with reckless indifference to the [plaintiff's] federally protected rights." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999); *see* Fla. Stat. § 760.11(5) (authorizing, and capping, punitive damages under the FCRA). Conclusory assertions of willful or reckless conduct, unsupported by facts, are not entitled to the presumption of truth and cannot sustain a punitive-damages claim. *Iqbal*, 556 U.S. at 678–81.

The Complaint alleges no facts satisfying that standard. It does not allege that any decisionmaker acted with knowledge that Defendant's conduct was unlawful, or with conscious disregard of Plaintiff's rights, and it describes no egregious or outrageous conduct. As shown in Part II, the only conduct attributed to management is that Ms. Mena declined to act on Plaintiff's complaint. Compl. ¶¶ 27–29. Nor does the Complaint allege facts showing that a sufficiently senior managerial agent acted such that a culpable state of mind could be imputed to Defendant. *See Kolstad*, 527 U.S. at 542–43. Plaintiff's bare demand for punitive damages under Count III (Compl. ¶ 49) is therefore implausible and should be dismissed, without prejudice to Plaintiff's ability to seek leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Honorable Court:

1. Dismiss the Complaint as an impermissible shotgun pleading and direct Plaintiff to file an amended complaint that complies with Federal Rules of Civil Procedure 8(a)(2) and 10(b);
2. Dismiss Counts II and IV for failure to state a claim under Rule 12(b)(6);
3. Dismiss with prejudice, or in the alternative strike under Rule 12(f), the demands in Count I for punitive damages and for compensatory damages for emotional distress, mental anguish, and pain and suffering under the ADEA;
4. Dismiss the demand for punitive damages in Count III under Rule 12(b)(6), without prejudice to Plaintiff's ability to seek leave to amend; and
5. Grant such other and further relief as the Court deems just and proper.

Dated: August 6, 2026

Respectfully Submitted,

/s____________________________

**ARDALAN MONTAZER, ESQ.**
Florida Bar No.: 1013546
**JONATHAN RUBIN, ESQ.**
Florida Bar No.: 644110
GMA LAW, PLLC
Counsel for Defendant,
Dentistry of Tavares, LLC
111 N Orange Ave Ste 800
Orlando, FL 32801-2381
Phone: (561) 213-2912
Email: am@gma.law
La2@gma.law
eservice@gma.law

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel emailed Plaintiff's counsel of record and attempted to schedule calls to confer with counsel for Plaintiff regarding the relief requested in this Motion on July 16 and 17, and that Plaintiff's counsel did not schedule a good faith conference call to discuss a resolution of the Motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **August 6, 2026**, the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/______________________
Ardalan Montazer, Esq.