**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| BIBI JAGGERNAUTH,<br><br>Plaintiff,<br>v.<br><br>DENTISTRY OF TAVARES, LLC,<br><br>Defendant. | Case No.: 5:26-cv-311 (JSM) (PRL)<br><br>**Opposed Motion for Special Admission** |

**Emanuel Kataev, Esq.,** moves for special admission to represent Plaintiff in this action.

I am neither a Florida resident nor a member in good standing of the Florida Bar. I am a member in good standing of a bar of a United States District Court; specifically, **the Eastern District of New York**.

I have not abused the privilege of special admission by maintaining a regular law practice in Florida. I have initially appeared in the last thirty-six (36) months in these cases in state or federal courts in Florida:

**IME Watchdog, Inc. v. IME Companions, LLC, *et al.*; Case No.: 8:23-cv-1085 (KKM) (AEP) – complaint filed on May 17, 2023 (ECF Docket Entry 1), no appearance filed because complaint was dismissed on May 18, 2023 (ECF Docket Entry 11).**

**Jackson v. GT Technologies Inc.; Case No.: 4:25-cv-218 (AW) (MAF) (N.D. Fla.) – initial appearance filed on May 29, 2025 (ECF Docket Entry 6).**

**Bush v. EZ Advocates, LLC, et *ano.*; Case No.: 8:25-cv-1375 (KKM) (TGW) (M.D. Fla.) – initial appearance filed on July 3, 2025 (ECF Docket Entry 15).**

**Anjos v. Colette 4 Inc., *et ano.*; Case No.: 0:25-cv-62274 (DSL) (PDA) (S.D. Fla.) – initial appearance filed on December 30, 2025 (ECF Docket Entry 10).**

I will comply with the federal rules and this Court's local rules. I am familiar with 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

I have paid the fee for special admission or will pay the fee upon special admission. I will register with the Court's CM/ECF system.

I affirm the oath, which states:

> I will support the Constitution of the United States. I will bear true faith and allegiance to the government of the United States. I will maintain the respect due to the courts of justice and all judicial officers. I will well and faithfully discharge my duties as an attorney and officer of this Court. I will conduct myself uprightly and according to the law and the recognized standards of ethics of the legal profession.

Dated: Great Neck, New York
August 27, 2026

*/s/ Emanuel Kataev, Esq.*

**Local Rule 3.01(g) Certification**

I have conferred with the opposing party via email and represent that Defendant opposes my special admission on the grounds that: (i) litigating four (4) cases since 2025 is equivalent to practicing in Florida; (ii) the motion was not made until now, and the case "has been pending for some time;" and (iii) Defendant already filed a motion to dismiss and served all counsel of record through ECF.

I requested authority for his first argument but Defendant has provided none. Florida Bar Rule 1-3.10(a)(2) provides that a non-Florida lawyer may not engage in a "general practice" before Florida courts, and that more than three (3) initial appearances in separate representations *within a 365-day period* is presumed to be a general practice. An "appearance" is the first filing or first in-court appearance in that case; the restriction is on new initial appearances in a rolling year, not on how many cases remain open.

Here, because your undersigned is making his initial appearance on August 27, 2026, only his appearance in Anjos falls within the 365-day period set forth in Florida Bar Rule 1-3.10(a)(2). In light of the foregoing, Plaintiff respectfully submits that Kataev may be permitted special admission.

The Hon. Leslie Hoffman Price, U.S.M.J. ("Judge Mendoza") applied that exact presumption as guidance under Local Rule 2.01(c) in Bear Warriors United, Inc. v. Lambert, No. 6:22-cv-2048 (CEM) (LHP) (M.D. Fla.), ECF Docket Entry 208.

Counsel seeking to make a special appearance there had *eight (8)* Florida appearances in 36 months, but *only two (2)* in the last 365 days. Judge Mendoza granted special admission, then warned:

> The Court reads Local Rule 2.01(c) along with guidance from Florida law to support a finding that an attorney who appears in courts in Florida more than three (3) times within a given 365-day period has abused the privilege of specially appearing.

See Id. at 1-2.

In light of the foregoing authority, Defendant's objection is meritless.

Dated: Flushing, New York
August 27, 2026

Respectfully submitted,

**CONSUMER ATTORNEYS, PLLC**
*/s/ David Pinkhasov*
David Pinkhasov, FL # 1040933
6829 Main Street
Flushing, NY 11367-1305
(718) 701-4605 (office)
(718) 715-1750 (facsimile)
dpinkhasov@consumerattorneys.com

Emanuel Kataev, Esq.
*Admission pro hac vice pending*
**SAGE LEGAL LLC**
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Bibi Jaggernauth*