**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| BIBI JAGGERNAUTH,<br><br>Plaintiff,<br>v.<br><br>DENTISTRY OF TAVARES, LLC,<br><br>Defendant. | Case No.: 5:26-cv-311 (JSM) (PRL) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Plaintiff Bibi Jaggernauth ("Plaintiff"), by and through her undersigned counsel, respectfully submits this memorandum of law in opposition to Defendant Dentistry of Tavares, LLC's ("Defendant") Motion to Dismiss the Complaint pursuant to Rules 8(a)(2), 10(b), and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), or, in the alternative, to strike certain demands for relief pursuant to Rule 12(f).

## PRELIMINARY STATEMENT

Defendant's motion should be denied.

The Complaint is a concise, ten (10) page pleading against one Defendant arising from a single employment relationship, which does not lend itself to the confusion cautioned against in shotgun pleadings.

The operative pleading identifies four (4) separately captioned causes of action: age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), and age discrimination and retaliation under the Florida Civil Rights Act ("FCRA"), and sets out the common factual sequence on which those claims rest. The fact that each count incorporates the preceding allegations does not, by itself, make the claims unintelligible. The dispositive inquiry is whether Defendant received adequate notice of the claims and their grounds. See Pinson v. JPMorgan Chase Bank, N.A., 942 F.3d 1200, 1208 (11th Cir. 2019). Defendant's own motion identifies each count, the precise facts on which it rests, and the specific element or remedy Defendant contests. That targeted merits analysis confirms that Defendant understood the pleading.

The Complaint also pleads considerably more than the isolated managerial inaction portrayed in the motion. Plaintiff alleges that a lead dental assistant repeatedly told her over a period of weeks that she was "too old" to perform her job, was an "old dog" who could not learn "new tricks," and would perform better if she were a younger "spring chicken." See ECF Docket Entry 1 ("Compl.") ¶¶ 18-23. The comments allegedly continued after Plaintiff told the coworker they made her uncomfortable, were repeated in front of patients, and humiliated a dental assistant with twenty-three years of experience. Id. ¶¶ 24-25.

When Plaintiff reported the age-based ridicule to the office manager, Mena allegedly laughed, told Plaintiff not to worry, refused to address the conduct, offered no resolution, and dismissed the complaint as a joke. Id. ¶¶ 26–29. Plaintiff further alleges that she became the laughingstock of the staff, suffered embarrassment, depression, and stress, and separated from employment on October 4, 2024; and the retaliation counts expressly allege that Defendant created or permitted conditions so intolerable that a reasonable employee would have felt compelled to resign. Id. ¶¶ 30–33, 45, 52. Those allegations must be accepted as true and, read together, not atomized and construed against Plaintiff.

Finally, Defendant's objections to the remedies do not support dismissal of any cause of action. Plaintiff acknowledges that punitive damages and damages for emotional distress are unavailable under the ADEA and clarifies that she seeks those categories of damages only under the FCRA, which expressly authorizes them. A demand for a remedy that is unavailable under one statute does not extinguish an otherwise viable claim, particularly where other relief – including back pay, front pay, liquidated damages for a willful ADEA violation, equitable relief, fees, and costs – remains available. See A.W. ex rel. J.W. v. Coweta County School District, 110 F.4th 1309, 1315–16 (11th Cir. 2024).

For these reasons, and those discussed below, the motion must be denied.

## LEGAL STANDARD

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 10(b) requires claims to be stated in numbered paragraphs and, where clarity requires, in separate counts. See Fed. R. Civ. P. 8(a)(2), 10(b). Although a pleading that violates those rules may be characterized as a "shotgun pleading," the Eleventh Circuit has identified four (4) general categories of such pleadings, all sharing one (1) "unifying characteristic:" they fail to give the defendant adequate notice of the claims and the grounds upon which each claim rests. See Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Dismissal on that basis is appropriate only when it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Id. at 1325 (citation omitted). Incorporation of prior allegations is therefore not a categorical defect; where the pleading contains no endless irrelevancies and gives fair notice, the court considers the claims on their merits. See Pinson, 942 F.3d at 1208.

On a Rule 12(b)(6) motion, the Court must accept well-pleaded factual allegations as true and construe them, together with all reasonable inferences, in the light most favorable to Plaintiff. See Chaparro v. Carnival Corp., 693 F.3d 1333, 1335 (11th Cir. 2012); Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010).

A complaint survives when its factual content permits the reasonable inference that the defendant is liable for the misconduct alleged. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rule 8 does not demand detailed proof or require an employment-discrimination plaintiff to plead every component of the evidentiary McDonnell Douglas[1] framework. See Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1246-46 (11th Cir. 2015); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-13 (2002). The question is plausibility, not whether Plaintiff has already proved her claims or will ultimately prevail.

Rule 12(f) permits a court to strike redundant, immaterial, impertinent, or scandalous matter. But striking is a "drastic remedy" that should be granted only when the challenged matter has "no possible relation to the controversy," and the movant must also demonstrate prejudice from leaving the matter in the pleading. See United States ex rel. Sedona Partners LLC v. Able Moving & Storage, Inc., 146 F.4th 1032, 1044-45 (11th Cir. 2025) (citation omitted).

In light of the foregoing standards, and based on the arguments herein, Defendant's motion must be denied.

[1] See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

## ARGUMENT

### I. THE COMPLAINT IS NOT AN IMPERMISSIBLE SHOTGUN PLEADING UNDER RULES 8(a)(2) AND 10(b).

#### A. Incorporation of the preceding allegations does not, standing alone, require dismissal.

Defendant treats the form of incorporation used in Compl. ¶¶ 36, 43, 46, and 50 as dispositive. But binding precedent rejects that mechanical approach. In Pinson, each count similarly adopted the allegations of all preceding counts. See 942 F.3d at 1208. The Eleventh Circuit nevertheless refused to dismiss because the complaint did not contain endless irrelevancies, gave the defendant adequate notice of the claims and their grounds, and was readily understandable to both the defendant and the court. Id.

Indeed, the fact that the defendant could address the claims on their merits further demonstrated that the pleading had served its notice function. Id.

The same reasoning controls here. This Complaint is not the sprawling, multi-party pleading condemned in cases such as Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295–96 (11th Cir. 2002). It contains fifty-two (52) numbered paragraphs, names one Defendant, concerns one dental office and one approximately eight-month employment relationship, and alleges one continuous course of age-based mistreatment and management's response to Plaintiff's complaints.

The four counts are separately labeled by statute and theory: (i) Count I, ADEA age discrimination; (ii) Count II, ADEA retaliation; (iii) Count III, FCRA age discrimination; and (iv) Count IV, FCRA retaliation. See Compl. ¶¶ 36–52. Counts II and IV additionally identify the asserted retaliatory consequence as Defendant's creation or permission of intolerable working conditions culminating in constructive discharge. Id. ¶¶ 45, 52. There can be absolutely no uncertainty about which Defendant is sued, which statutes are invoked, or which events form the basis of each claim. Defendant thus appears to make this motion to engage in unnecessary motion practice, which is violative of 28 U.S.C. § 1927.

Nor are the incorporated factual allegations irrelevant to the respective counts. Plaintiff's employment, qualifications, work performance, the repeated age-based comments, her objection to those comments, her report to management, management's alleged response, her resulting separation, and her damages are part of the same factual nucleus. Some facts bear on both discrimination and retaliation; that overlap is inherent where the protected activity consists of opposing the same age discrimination that preceded the retaliation. Requiring Plaintiff to reproduce the same factual narrative four times would solely serve to add length without adding notice.

Critically, Defendant's motion itself confirms the absence of prejudice or confusion.

It correctly identifies the four (4) causes of action, quotes the allegations Defendant believes support each one, distinguishes the discrimination counts from the retaliation counts, and presents count-specific arguments concerning adverse action and available remedies. See ECF Docket Entry 7 at 2-8. A party that can identify the governing statute, theory, facts, disputed element, and requested remedy for each count cannot plausibly maintain that it has been left to guess what the claims are. See Pinson, 942 F.3d at 1208-09.

**B. The isolated statutory references identified by Defendant are correctable scrivener's errors, not grounds for threshold dismissal.**

Defendant points to the reference to "Title VII" in paragraph 41, the reference to "Title VII" and the "ADRA" in the Prayer for Relief, and Count II's quotation of the ADEA's discrimination provision rather than its anti-retaliation provision. Those references should be read in the context of the pleading as a whole.

The introduction expressly identifies the ADEA and FCRA as the statutes at issue, and each count's caption identifies the precise statute and theory asserted. See Compl. ¶¶ 1, 36–52. No count purports to assert a Title VII or "ADRA" cause of action. Likewise, Count II is captioned "Violation of ADEA—Retaliation" and alleges retaliation for complaints of age discrimination, making clear that 29 U.S.C. § 623(d), rather than § 623(a), supplies the operative anti-retaliation provision.

Federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." See Johnson v. City of Shelby, 574 U.S. 10, 11 (2014) (*per curiam*). Where the factual basis and intended claim are apparent, a mistaken statutory citation or nomenclature does not warrant dismissal. Id. at 11-12; see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

At most, the Court may direct Plaintiff to correct the statutory references in an amended pleading. They do not convert an otherwise understandable complaint into a shotgun pleading or justify dismissal of any claim with prejudice.

**C. If the Court nevertheless prefers more tailored incorporation, the proper remedy is leave to replead, not dismissal.**

Even where a court determines that a represented plaintiff filed a shotgun pleading, the usual remedy is an order identifying the deficiency and permitting an opportunity to replead before dismissal with prejudice. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295–96 (11th Cir. 2018).

This is Plaintiff's first complaint. If the Court concludes that the incorporation language should be narrowed, Plaintiff can readily amend each count to incorporate only the common factual allegations relevant to it, without changing the substance of the action. A curable matter of organization supplies no basis to extinguish claims that Defendant demonstrably understands.

## II. COUNTS II AND IV PLAUSIBLY ALLEGE MATERIALLY ADVERSE RETALIATION AND A CAUSAL CONNECTION TO PLAINTIFF'S PROTECTED COMPLAINT.

### A. The governing retaliation standard reaches materially adverse conduct short of an ultimate employment decision.

To state retaliation claims under the ADEA and FCRA, Plaintiff must plausibly allege protected activity, a materially adverse action, and a causal connection between the two. See Drago v. Jenne, 453 F.3d 1301, 1307 (11th Cir. 2006). FCRA retaliation claims are analyzed under the same framework as their federal counterparts. See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1389 (11th Cir. 1998).

Defendant does not dispute for purposes of its motion that Plaintiff's report of repeated age-based remarks constituted protected opposition; its argument concerns material adversity and causation.

The Supreme Court's standard is deliberately broader than the standard governing substantive discrimination. A retaliatory act is materially adverse when it "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" See Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 68 (2006) (internal citations omitted). It need not alter compensation, benefits, title, or another term of employment. See Crawford v. Carroll, 529 F.3d 961, 972-74 (11th Cir. 2008).

The Eleventh Circuit has therefore held that retaliatory mistreatment may be actionable even without tangible economic harm and must be assessed under the totality of the alleged reprisals. See Monaghan v. Worldpay US, Inc., 955 F.3d 855, 860-61 (11th Cir. 2020); see also Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1456 (11th Cir. 1998).

**B. The Complaint alleges a post-complaint retaliatory course of conduct and constructive discharge, not merely a neutral failure to investigate.**

Defendant isolates three (3) allegations – Mena's laughter, statement not to worry, and failure to address the complaint – and characterizes them as a legally neutral failure to investigate. That characterization disregards both the context and the required reasonable inferences. Before approaching management, Plaintiff allegedly endured repeated, overt age-based ridicule over several weeks, including in front of Defendant's patients. Compl. ¶¶ 18–25. She first told Esther Thomas ("Thomas") directly that the comments made her uncomfortable, but there were "no changes." Id. ¶ 24. She then escalated the matter to the office manager. Id. ¶ 26. Rather than receive a neutral acknowledgment or even an unproductive investigation, Plaintiff alleges that the manager laughed at the report, told her not to worry, refused to address the conduct with Thomas, offered no resolution, and dismissed the matter as a joke. Id. ¶¶ 27–29. Plaintiff further alleges that she became the laughingstock of the staff and that the resulting humiliation, depression, and stress led to her separation. Id. ¶¶ 30–33.

Read as a whole, those allegations permit the reasonable inference that management mocked and repudiated Plaintiff's protected complaint, ratified the age-based ridicule after receiving actual notice, left the complained-of conditions unremedied, and communicated that further reporting would be futile or invite additional humiliation. An employee deciding whether to report discrimination could reasonably be deterred by the prospect that the office manager would laugh at the complaint, trivialize it as a joke, knowingly permit the offending conduct to remain uncorrected, and leave the complainant to become the object of workplace ridicule. See Burlington Northern, 548 U.S. at 68; see also Monaghan, 955 F.3d at 860–61. Whether each component would be actionable in isolation is not the inquiry; the alleged course of conduct must be considered collectively. See Wideman, 141 F.3d at 1456.

Defendant's reliance on Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712 (2d Cir. 2010), is misplaced. *First*, Fincher is a nonbinding Second Circuit summary-judgment decision. *Second*, the claim there treated the employer's failure to investigate the same complaint, standing alone, as the adverse act. Id. at 721. Here, the pleaded theory encompasses management's affirmative ridicule and dismissal of the protected report, knowing toleration of repeated public age-based harassment, the resulting staff humiliation, and the constructive discharge expressly alleged in Counts II and IV. See Compl. ¶¶ 27–33, 45, 52.

The issue is therefore not whether a bare omission, by itself, is actionable; it is whether the entire post-complaint response and its alleged consequences could deter a reasonable worker. Under Burlington Northern, that is at least a plausible inference.

The constructive-discharge allegations independently identify an adverse employment consequence. Constructive discharge requires conditions so intolerable that a reasonable employee would feel compelled to resign. See Ounjian v. Globoforce, Inc., 89 F.4th 852, 858–59 (11th Cir. 2023). But Ounjian also illustrates why Defendant's motion asks the Court to draw inferences against Plaintiff. There, the employer withdrew the only threatened significant action, took no further action, and the plaintiff's own chronology defeated any inference of compulsion. Id. at 859-60. Here, by contrast, Plaintiff alleges recurring age-based insults, repeated publicly before patients; an unsuccessful direct request that the harasser stop; an office manager's mocking rejection of the ensuing complaint; no corrective response; workplace humiliation; and a resulting separation. Compl. ¶¶ 18–33. At the pleading stage, the Court must accept the alleged causal chain and reasonable inference that the knowingly unremedied conditions continued and culminated in resignation. Whether discovery ultimately establishes the objective degree of intolerability is not appropriately resolved by recasting the allegations as a single instance of managerial inaction.

**C. The chronology supports, rather than defeats, a plausible causal inference.**

Defendant argues that Thomas' comments cannot be retaliatory because they began before Plaintiff complained. That proposition is true but beside the point. The pre-complaint comments are the underlying age discrimination and the reason Plaintiff engaged in protected activity. The alleged retaliation is management's response after Plaintiff reported those comments: Mena's immediate laughter and dismissal, Defendant's knowing refusal to correct the reported conduct, the resulting workplace humiliation, and the constructive discharge alleged in the retaliation counts. See Compl. ¶¶ 26–33, 45, 52. The Complaint thus does not allege that the original comments were caused by the later complaint; it alleges that Defendant's post-notice response and the resulting conditions were.

The temporal sequence is direct: Plaintiff reported specific age-based remarks to the manager, and the manager allegedly laughed and rejected the concern during that same interaction. Compl. ¶¶ 26–29. Such immediate knowledge and response plausibly support causation at the pleading stage. See Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (close temporal proximity may support a causal inference). Defendant may contest the purpose or effect of that response after discovery, but Rule 12(b)(6) does not permit the Court to choose Defendant's innocent inference over Plaintiff's plausible retaliatory one.

## III. DEFENDANT'S REMEDIES ARGUMENTS DO NOT SUPPORT DISMISSAL OF COUNTS I OR III.

### A. Plaintiff does not seek emotional-distress or punitive damages under the ADEA, and an unavailable remedy would not defeat Count I in any event.

Plaintiff acknowledges that the ADEA does not authorize punitive damages or compensatory damages for emotional distress, mental anguish, or pain and suffering. See Goldstein v. Manhattan Industries, Inc., 758 F.2d 1435, 1446 (11th Cir. 1985); see also Dean v. American Security Insurance Co., 559 F.2d 1036, 1038–39 (5th Cir. 1977); Commissioner v. Schleier, 515 U.S. 323, 326 (1995).

Plaintiff clarifies that she seeks those categories of damages only under the FCRA, not under the ADEA. Count I nevertheless seeks relief the ADEA does permit, including lost wages and, for a willful violation, liquidated damages, as well as appropriate equitable relief, fees, costs, and interest. See Compl. ¶¶ 34-35, Prayer for Relief.

The Eleventh Circuit recently reaffirmed that "[r]equesting an improper remedy is not fatal to a claim." See A.W., 110 F.4th at 1315. A complaint survives if its facts establish entitlement to any relief the court may grant, and Rule 54(c) requires a court to award the relief to which a party is entitled even if the demand misidentifies the remedy. Id. at 1315-16; see also Fed. R. Civ. P. 54(c). Thus, even if the Prayer for Relief could be read to request an unavailable category under Count I, the proper response is to limit the remedy, not dismiss the claim.

Nor should the Court strike the allegations of humiliation and emotional harm from the Complaint. Those facts bear directly on the FCRA claims, under which compensatory damages for mental anguish, loss of dignity, and other intangible injuries are expressly recoverable. See Fla. Stat. § 760.11(5). They plainly relate to the controversy, and Defendant identifies no prejudice from their inclusion. See Sedona Partners, 146 F.4th at 1044-45. If clarification is needed, the Court may simply instruct the jury that such damages are unavailable under the ADEA while remaining available under the FCRA.

**B. The Complaint plausibly supports punitive damages under the FCRA, and any deficiency in that remedy would not warrant dismissal of Count III.**

The FCRA expressly authorizes punitive damages, subject to a statutory cap, as well as compensatory damages for mental anguish, loss of dignity, and other intangible injuries. See Fla. Stat. § 760.11(5). Applying the Title VII framework, punitive damages may be available when the employer acts with malice or reckless indifference to protected rights. See Kolstad v. American Dental Association, 527 U.S. 526, 535-36 (1999). But Kolstad defines the ultimate evidentiary standard; it does not impose a heightened Rule 8 pleading requirement. Indeed, Rule 9(b) expressly provides that malice, intent, knowledge, and other conditions of mind may be alleged generally. See Fed. R. Civ. P. 9(b).

The Complaint supplies factual content supporting a plausible inference of reckless indifference. Plaintiff alleges that she brought repeated, explicit age-based harassment to the office manager's attention; that the manager laughed; that she dismissed the complaint as a joke; and that, despite actual notice, she did not address the matter with the offending lead dental assistant or offer any resolution. Compl. ¶¶ 26-29.

The alleged harassing comments were not ambiguous: they expressly labeled Plaintiff too old, an "old dog," and not a younger "spring chicken," and were allegedly repeated over weeks and in front of patients. Id. ¶¶ 18-25. A manager's knowing and dismissive refusal to respond to such explicit discrimination plausibly supports, at this stage, an inference of serious disregard for protected rights.

Defendant also argues that the Complaint does not establish Mena's corporate rank or authority sufficiently to impute punitive liability. But the Complaint identifies her as the office "manager" to whom Plaintiff reported workplace discrimination. Compl. ¶ 26.

Whether an employee acted in a managerial capacity turns on the type of authority and amount of discretion the employee possessed and is a fact-intensive inquiry. See EEOC v. Exel, Inc., 884 F.3d 1326, 1331-32 (11th Cir. 2018) (discussing Kolstad).

The facts concerning Defendant's size, reporting structure, Mena's authority, and Defendant's anti-discrimination practices lie principally within Defendant's possession and are appropriate subjects of discovery. At the pleading stage, the allegation that she was the manager who received and controlled the response to Plaintiff's complaint supports a reasonable inference of managerial capacity.

The Eleventh Circuit's decision in Goldsmith v. Bagby Elevator Co., 513 F.3d 1261 (11th Cir. 2008), further demonstrates why the issue should not be resolved against Plaintiff before discovery. There, evidence that managers had actual notice of discriminatory slurs yet failed to discipline the offenders supported a finding of reckless indifference and punitive damages. Id. at 1280-81. Plaintiff need not prove an identical record in her complaint; the point is that knowledge by management, a dismissive response, and a failure to correct explicit discrimination are legally relevant to punitive liability. The Complaint pleads those core facts.

In all events, punitive damages are a remedy, not an element of an FCRA discrimination claim. Even if the Court concludes that Plaintiff should provide more detail before pursuing that remedy, A.W. forecloses dismissal of Count III on that basis. See 110 F.4th at 1315–16. The proper course would be to deny the requested dismissal or, at most, permit Plaintiff to amend the punitive-damages allegations without disturbing the underlying FCRA cause of action.

## IV. ALTERNATIVELY, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND.

If the Court finds any pleading deficiency, Plaintiff respectfully requests leave to amend pursuant to the Rules, which direct that leave be freely given when justice so requires. See Fed. R. Civ. P. 15(a)(2). Leave ordinarily should be denied only for undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. See Bryant v. Dupree, 252 F.3d 1161, 1163-64 (11th Cir. 2001). None is present. This is the original complaint, Defendant has not answered, discovery has not proceeded on the merits, and any concern identified in the motion is readily curable.

If directed, Plaintiff can amend the pleadings. At a minimum, Vibe Micro requires an opportunity to replead before a first shotgun-pleading dismissal is converted into a dismissal with prejudice. See 878 F.3d at 1295-96.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied in its entirety. Alternatively, if the Court concludes that any count requires clarification or that any requested remedy is unavailable under a particular statute, Plaintiff respectfully requests that the Court limit its ruling to that discrete issue, dismiss or strike nothing beyond what is strictly necessary, and grant Plaintiff leave to file an amended complaint.

Dated: Flushing, New York
August 27, 2026

Respectfully submitted,

**CONSUMER ATTORNEYS, PLLC**
*/s/ David Pinkhasov*
David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing, NY 11367-1305
T: (718) 701-4605 (office)
T: (718) 715-1750 (facsimile)
dpinkhasov@consumerattorneys.com

Emanuel Kataev, Esq.
*Admission pro hac vice pending*
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Bibi Jaggernauth*