**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**BIBI JAGGERNAUTH,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00311-JSM-PRL**

**DENTISTRY OF TAVARES, LLC,**

**Defendant,**
______________________________________/

**ORDER**

This matter is before the Court on the motion of Emanuel Kataev, Esq., to appear pro hac vice on behalf of Plaintiff. (Doc. 9). Attorney Kataev states that Defendant opposes his special admission, in part because this would be his fourth case appearance in the past thirty-six months. Defendant, however, has not filed a response in opposition, and its time to do so has passed.

Attorney Kataev represents that within the last thirty-six months, he has appeared in four Florida cases, including this one. However, this case is only his second initial appearance in a Florida court within the last 365 days. (Doc. 9 at 1-2). The Court reads Local Rule 2.01(c) along with guidance from Florida law to support a finding that an attorney who initially appears in courts in Florida more than three times within a given 365-day period has abused the privilege of specially appearing. Rule 1-3.10(a)(2), Rules Regulating The Florida Bar, provides that more than three appearances by a non-Florida lawyer within a 365-day period in separate representations is presumed to be the "general practice" of law in Florida. The Comment section clarifies that an "appearance" means the initial or first appearance by that non-Florida lawyer in a case pending in a Florida court. Applying this guidance, because

Attorney Kataev has only appeared in two Florida cases within the past 365 days (including this one), he has not maintained a regular practice of law in Florida.[1]

Accordingly, the motion of Emanuel Kataev, Esq. to appear *pro hac vice* (Doc. 9) is **GRANTED**, provided counsel **<u>shall register for and use the electronic filing system</u>** as

---

[11] The Court recognizes that if Attorney Kataev had moved for special admission when this case was initially filed on May 1, 2026, his motion would have likely been denied because this case would have been his fourth appearance in a Florida court within the last 365 days. While this gives the Court pause, it does not run afoul of Rule 1-3.10(a)(2), which appears to contemplate such an outcome. Indeed, the Comment to Rule 1-310(a)(2) explains:

> The following example illustrates the application of this rule to a non-Florida lawyer's appearances. Assume for this example that a lawyer licensed to practice in Georgia only has been admitted pro hac vice under with Fla. R. Gen. Prac. & Jud. Admin. 2.510 in 3 separate Florida cases on the following dates: January 10, 2008; February 3, 2008; and February 20, 2008.
>
> (1) In this example, the lawyer would be prohibited from seeking to appear pro hac vice under Fla. R. Gen. Prac. & Jud. Admin. 2.510 in another separate representation until the expiration of the 365-day period from the oldest of the 3 appearances (i.e., until January 10, 2009).
>
> (2) In this example, the lawyer would be permitted under this rule to seek to appear pro hac vice in a new case on January 10, 2009, even if the 3 cases in which that lawyer made an appearance are still active.
>
> (3) In this example, the lawyer could seek to appear pro hac vice in yet another new case on February 3, 2009. The fact that the lawyer's cases in which that lawyer appeared on January 10, 2008, February 3, 2008, February 20, 2008, and January 1, 2009 are still active would not prohibit that lawyer from seeking to appear in the new case on February 3, 2009, because, as of that date, the lawyer would have only made an initial appearance in 2 prior cases within that preceding 365-day period (i.e., on February 20, 2008 and January 1, 2009). Thus, under this rule, a non-Florida lawyer could have pending more than 3 cases for which that lawyer has appeared at any given time, as the restriction on general practice relates to the making of an initial appearance within a 365 day period and not to whether any case is still active following the expiration of 365 days.
>
> (4) Similarly, in the above example, if the non-Florida lawyer's 3 cases are all resolved by April 1, 2008, that lawyer would still be prohibited from seeking to make a new appearance until the expiration of the oldest of the 3 prior appearances (i.e., until January 10, 2009).

adopted by the Court. To activate e-filing access, counsel shall pay the $150.00 special admission fee and submit the *pro hac vice* e-file registration through PACER.[2] After this Order, the Clerk will no longer send copies of docket entries by U.S. Mail to counsel in this case.

DONE and ORDERED in Ocala, Florida on September 11, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party

[2] Information regarding special admission to practice and submission of the *pro hac vice* e-file registration can be found on the Middle District of Florida's website, www.flmd.uscourts.gov/for-lawyers.