**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

BIBI JAGGERNAUTH,

Plaintiff,

v. Case No: 5:26-cv-311-JSM-PRL

DENTISTRY OF TAVARES, LLC,

Defendant.

---

## ORDER

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss (Dkt. 7) and Plaintiff's Response in Opposition (Dkt. 10). Upon review of these filings, the Court concludes that the Motion should be granted to the extent that a more definite statement is necessary because the Complaint is a shotgun pleading.

## BACKGROUND

Plaintiff Bibi Jaggernauth alleges she worked for Defendant Dentistry of Tavares, LLC as a dental assistant from February 2024, until October 4, 2024—approximately eight months. In or about June 2024, a lead dental assistant, Esther Thomas, transferred to the office and began making age-related comments. Thomas told Plaintiff she was "too old" to perform her job, that "an old dog can't be taught new tricks," and that Plaintiff would perform better if she were a "spring chicken." Compl. ¶¶ 18–22. The comments continued for several weeks.

Plaintiff reported the comments to the office manager, Ms. Mena, who "laugh[ed]," told Plaintiff "not to worry about it," and did not otherwise address the matter. Compl. ¶¶

27–29. Plaintiff alleges she thereafter experienced "embarrassment, depression, and stress, which led to her separation from employment on October 4, 2024." Compl. ¶ 31.

The Complaint does not allege that Defendant terminated, demoted, suspended, or took any action against Plaintiff after she reported Thomas's behavior to Mena. The Complaint contains four counts: age discrimination under the ADEA (Count I); retaliation under the ADEA (Count II); age discrimination under the FCRA (Count III); and retaliation under the FCRA (Count IV). Each count begins by re-alleging and incorporating every preceding paragraph. The Complaint also makes stray references to "Title VII" (Compl. ¶ 41) and to "Title VII" and "the ADRA" (Prayer ¶ D)—statutes under which no count is pled.

Defendant moves to dismiss, arguing, in relevant part, that the Complaint constitutes an impermissible shotgun pleading in violation of Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. The Court agrees and grants the motion to the extent the Court requires a more definite statement.

**DISCUSSION**

The Eleventh Circuit has described the following categories of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim

> is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (referring to shotgun pleadings as "garbage" and urging courts to address these defects to prevent issues later in litigation); *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001) ("[S]hotgun pleadings wreak havoc on the judicial system.").

The Complaint is the first type of shotgun pleading repeatedly rejected by the Eleventh Circuit because each of the counts incorporate all the prior factual allegations. This does not satisfy Rules 8 and 10 because Plaintiff does not identify which facts are attributed to which legal claims. In response, Plaintiff argues that her Complaint is sufficient to place Defendant on notice since it is the only Defendant in this case. But that is not an exception to the Eleventh Circuit's binding precedent because, regardless of how many defendants are present in a case, such a pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Weiland*, 792 F.3d at 1325.

Notably, while Defendant seeks dismissal, a more definite statement is the appropriate course. "Under the Federal Rules of Civil Procedure, a defendant faced with a [shotgun] complaint is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Under Rule 12(e), "[i]f a pleading to which a

responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

Therefore, although Defendant seeks dismissal, the more appropriate remedy is to require a more definite statement under Rule 12(e). *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (holding that prior to "dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies'") (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)); *Davis v. Main St. Family Pharmacy, LLC*, No. 5:16CV45-MW/GRJ, 2016 WL 9185284, at *1 (N.D. Fla. Apr. 18, 2016) (concluding that rather than granting a motion to dismiss, "the better course is to require a more definite statement ... to cure the deficiencies that make it a 'shotgun' pleading").

Finally, while the Court does not address the merits of Plaintiff's claims since her Complaint must be amended, the Court addresses a few additional matters Defendant points out in its motion. Defendant is correct that Plaintiff's retaliation claims do not adequately allege an adverse action because the Complaint is bereft of any facts that Defendant altered a condition of Plaintiff's employment, took any kind of tangible action in response to Plaintiff's complaints, or acted in such a way that would dissuade a reasonable employee from engaging in the protective activity. Based on her response, Plaintiff appears to rely solely on an alleged constructive discharge, which is a type of adverse action. If so, her amended complaint must allege sufficient facts in support of a constructive discharge claim, which is a difficult claim to plead because it requires facts of a working condition so intolerable that the employee is essentially forced to resign.

Also, Defendant is correct that some of the remedies Plaintiff seeks in support of her ADEA claims are unavailable, like emotional distress damages and punitive damages. Plaintiff concedes this point and further acknowledges that her Complaint contains several scrivener errors. So, these matters should be remedied in her amended Complaint so that they do not have to be addressed any further by the Court.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 7) is granted to the extent the Court requires a more definite statement.
2. Plaintiff's Amended Complaint shall be filed within fourteen (14) days of this Order.
3. Failure to file an Amended Complaint by the deadline will result in the dismissal of this action without further notice.

**DONE** and **ORDERED** in Tampa, Florida, this September 23, 2026.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record