**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

| | |
|---|---|
| BIBI JAGGERNAUTH,<br><br>Plaintiff,<br>v.<br><br>DENTISTRY OF TAVARES, LLC,<br><br>Defendant. | Case No.: 5:26-cv-311 (JSM) (PRL) |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Bibi Jaggernauth (hereinafter the "Plaintiff"), by and through her attorneys, Consumer Attorneys PLLC, upon personal knowledge as to herself and upon information and belief as to other matters, respectfully brings this First Amended Complaint against Defendant Dentistry of Tavares, LLC (hereinafter "Defendant") and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendant for discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 ("ADEA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01–760.11 ("FCRA").

2. Upon information and belief, Defendant discriminated and retaliated against Plaintiff by reason of her age.

3. Plaintiff has therefore commenced this action to seek damages for age-based discrimination.

## PARTIES

4. Plaintiff is an adult individual who is a citizen of the State of Florida residing in Lake County.

5. Plaintiff was employed by the Defendant in the State of Florida during the period of February 2024 through October 4, 2024 for a period of approximately eight (8) months.

6. Defendant is a business entity organized under the laws of Florida with a primary office located at 1941 Salk Ave., Tavares, FL 32778.

7. At all times relevant, Defendant employed Plaintiff to perform work on behalf of Defendant within the State of Florida.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331, 1343 and 29 U.S.C. § 621, *et seq.* because it involves federal questions regarding discrimination against Plaintiff on the basis of her age.

9. The Court also has supplemental jurisdiction over Plaintiff's related claims arising under State law pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the

claims occurred in this district, i.e., Plaintiff performed the work for Defendant in Tavares, Florida.

## PROCEDURAL BACKGROUND

11. Plaintiff has exhausted her administrative remedies at the Equal Employment Opportunity Commission ("EEOC").

12. The EEOC issued Plaintiff a Notice of Right to Sue, which Plaintiff received on February 3, 2026.

13. A true and correct copy of that notification is attached as **Exhibit A**.

14. This action was timely commenced within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## STATEMENT OF FACTS

15. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant discriminated against the Plaintiff on the basis of her age.

16. Plaintiff was employed by Defendant since February 2024 wherein she served as a dental assistant.

17. Plaintiff steadfastly performed her job duties in a loyal, efficient, and reliable manner and maintained an unblemished record of employment for Defendant.

18. In or about June 2024, Esther Thomas, a Lead Dental Assistant, was transferred back to the office where Plaintiff was working.

19. With Ms. Thomas' arrival, there started the derogatory comments about Plaintiff's age, such as she was too old to perform her job.

20. Ms. Thomas also told Plaintiff that she "is an old dog and an old dog can't be taught new tricks," making a mockery of Plaintiff's age.

21. Ms. Thomas used derogatory language and made demeaning remarks about Plaintiff's age, which caused significant embarrassment.

22. Ms. Thomas further commented that if Plaintiff were much younger or a "spring chicken," Plaintiff would probably perform much better and move around more efficiently to do the job.

23. These comments about Plaintiff's age continued for several weeks, and Plaintiff felt deeply offended by them.

24. Plaintiff informed Ms. Thomas that her comments made her uncomfortable and asked that the age-based remarks stop, but Ms. Thomas did not change her conduct or apologize.

25. These comments were repeated multiple times, even in front of patients, and it deeply affected Plaintiff, especially because she prides herself on the quality of care she provides in her twenty-three (23) years of experience in the field.

26. Plaintiff then reported the age-based remarks to the office manager, Mena Miranda ("Mena"), explaining the comments that had been made toward her and that they made her uncomfortable.

27. Ms. Mena's response was to simply laugh and tell Plaintiff not to worry about it.

28. Ms. Mena did not address the situation with Ms. Thomas, and no resolution was offered.

29. Instead, Ms. Mena dismissed Plaintiff's complaint as a joke.

30. Plaintiff felt humiliated and became the laughingstock among the staff.

31. The repeated age-based ridicule, including comments made in front of patients, Ms. Thomas's failure to stop after Plaintiff objected, and Ms. Mena's laughter, dismissal of Plaintiff's complaint, and refusal to address the conduct or offer any resolution caused Plaintiff embarrassment, depression, and stress.

32. Despite Plaintiff's own professional conduct and experience in the field, she was consistently belittled, scorned, and made the subject of ridicule on the basis of her age.

33. These working conditions became so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

34. Plaintiff resigned on October 4, 2024, and was thereby constructively discharged.

35. Plaintiff reached out to two friends for emotional support during this time, but could not afford professional counseling.

36. One of the friends is a professional counselor, but the conversation with him was one between friends, not one between doctor and patient.

37. As a result of Defendant's alleged discrimination and retaliation, Plaintiff seeks only those remedies available under the statute governing each claim.

38. Under the ADEA, Plaintiff seeks back pay, front pay or other equitable relief, liquidated damages for any willful violation, attorneys' fees, costs, and interest.

39. Under the FCRA, Plaintiff additionally seeks compensatory damages, including emotional-distress damages, and punitive damages to the extent permitted by Florida law.

40. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF ADEA – AGE DISCRIMINATION

41. Plaintiff was employed by Defendant beginning in February 2024 as a dental assistant and steadfastly performed her job duties in a loyal, efficient, and reliable manner, maintaining an unblemished record of employment.

42. In or about June 2024, Esther Thomas, a Lead Dental Assistant, was transferred back to the office where Plaintiff was working and began making derogatory comments about Plaintiff's age, including that Plaintiff was "too old" to perform her job, was an "old dog" who could not be taught "new tricks," and would perform better if she were younger or a "spring chicken."

43. These comments about Plaintiff's age continued for several weeks and were repeated multiple times, including in front of patients.

44. Plaintiff informed Ms. Thomas that her comments made her uncomfortable and asked that the age-based remarks stop, but Ms. Thomas did not change her conduct or apologize.

45. Plaintiff then reported the age-based remarks to the office manager, Mena, who laughed, told Plaintiff not to worry about it, did not address the situation with Ms. Thomas, offered no resolution, and dismissed Plaintiff's complaint as a joke.

46. The repeated age-based ridicule, together with Defendant's failure to address the conduct after receiving notice, caused working conditions to become so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

47. Plaintiff resigned on October 4, 2024, and was thereby constructively discharged.

48. Plaintiff is a member of a protected class on the basis of her age.

49. Plaintiff, in all respects, was performing her job in a manner that was consistent with Defendant's legitimate business expectations.

50. Defendant subjected Plaintiff to repeated age-based treatment, including comments that she was "too old" to perform her job, was an "old dog" who could not be taught "new tricks," and would perform better if she were a younger "spring chicken."

51. Defendant's failure to correct the age-based conduct after receiving notice, together with the repeated public age-based ridicule, contributed to working conditions so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign, resulting in Plaintiff's constructive discharge.

52. Defendant's violation of the ADEA was willful.

53. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff suffered lost wages and benefits and is entitled to back pay, front pay or

other equitable relief, liquidated damages for any willful violation, attorneys' fees, costs, and interest to the extent permitted by the ADEA.

**COUNT II**
**VIOLATION OF ADEA – RETALIATION**

54. Ms. Thomas made repeated derogatory comments about Plaintiff's age, including that Plaintiff was too old to perform her job, was an "old dog" who could not be taught "new tricks," and would perform better if she were younger or a "spring chicken."

55. Plaintiff informed Ms. Thomas that her comments made her uncomfortable and asked that the age-based remarks stop, but Ms. Thomas did not change her conduct or apologize.

56. Plaintiff then reported the age-based remarks to the office manager, Mena, explaining the comments that had been made toward her and that they made her uncomfortable.

57. Ms. Mena's response was to simply laugh and tell Plaintiff not to worry about it. Ms. Mena did not address the situation with Ms. Thomas, no resolution was offered, and Ms. Mena instead dismissed Plaintiff's complaint as a joke.

58. Plaintiff felt humiliated and became the laughingstock among the staff.

59. The repeated age-based ridicule, Ms. Thomas's failure to stop after Plaintiff objected, and Ms. Mena's laughter, dismissal of Plaintiff's complaint, and

refusal to address the conduct or offer any resolution caused Plaintiff embarrassment, depression, and stress.

60. These working conditions became so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

61. Plaintiff resigned on October 4, 2024, and was thereby constructively discharged.

62. 29 U.S.C. § 623(d) states, in pertinent part:

> "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment ... because such individual ... has opposed any practice made unlawful by this section, or because such individual ... has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

63. Plaintiff engaged in protected activity by objecting to Ms. Thomas's age-based remarks and by reporting those remarks to Defendant's office manager. Defendant knew of Plaintiff's protected activity through Ms. Mena. When Plaintiff reported the age-based conduct, Ms. Mena laughed, told Plaintiff not to worry about it, declined to address the conduct with Ms. Thomas, offered no resolution, and dismissed Plaintiff's complaint as a joke. Defendant thereby left the complained-of conditions unremedied, and Plaintiff became the laughingstock among the staff. This post-complaint response and the resulting working conditions were materially adverse, would dissuade a reasonable employee from complaining about age discrimination, and became so intolerable that a reasonable person in Plaintiff's

position would have felt compelled to resign. Plaintiff resigned on October 4, 2024. Defendant retaliated against Plaintiff because she opposed age discrimination, in violation of 29 U.S.C. § 623(d).

**COUNT III**
**VIOLATIONS OF THE FCRA – AGE DISCRIMINATION**

64. Plaintiff was employed by Defendant beginning in February 2024 as a dental assistant and steadfastly performed her job duties in a loyal, efficient, and reliable manner, maintaining an unblemished record of employment.

65. In or about June 2024, Esther Thomas, a Lead Dental Assistant, was transferred back to the office where Plaintiff was working and began making derogatory comments about Plaintiff's age, including that Plaintiff was "too old" to perform her job, was an "old dog" who could not be taught "new tricks," and would perform better if she were younger or a "spring chicken."

66. These comments about Plaintiff's age continued for several weeks and were repeated multiple times, including in front of patients.

67. Plaintiff informed Ms. Thomas that her comments made her uncomfortable and asked that the age-based remarks stop, but Ms. Thomas did not change her conduct or apologize.

68. Plaintiff then reported the age-based remarks to the office manager, Mena Miranda, who laughed, told Plaintiff not to worry about it, did not address the

situation with Ms. Thomas, offered no resolution, and dismissed Plaintiff's complaint as a joke.

69. The repeated age-based ridicule, together with Defendant's failure to address the conduct after receiving notice, caused working conditions to become so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

70. Plaintiff resigned on October 4, 2024, and was thereby constructively discharged.

71. Defendant discriminated against Plaintiff with respect to terms, conditions, and privileges of employment because of Plaintiff's age in violation of section 760.10, Florida Statutes.

72. The repeated age-based treatment, Defendant's failure to remedy the conduct after notice, and the resulting constructive discharge constitute discrimination because of age in violation of the FCRA.

73. Plaintiff seeks back pay, compensatory damages, including damages for emotional distress, punitive damages to the extent permitted by Fla. Stat. § 760.11(5), and attorneys' fees and costs as provided under Florida law.

## COUNT IV
## VIOLATIONS OF THE FCRA – RETALIATION

74. Ms. Thomas made repeated derogatory comments about Plaintiff's age, including that Plaintiff was too old to perform her job, was an "old dog" who could

not be taught "new tricks," and would perform better if she were younger or a "spring chicken."

75. Plaintiff informed Ms. Thomas that her comments made her uncomfortable and asked that the age-based remarks stop, but Ms. Thomas did not change her conduct or apologize.

76. Plaintiff then reported the age-based remarks to the office manager, Mena, explaining the comments that had been made toward her and that they made her uncomfortable.

77. Ms. Mena's response was to simply laugh and tell Plaintiff not to worry about it. Ms. Mena did not address the situation with Ms. Thomas, no resolution was offered, and Ms. Mena instead dismissed Plaintiff's complaint as a joke.

78. Plaintiff felt humiliated and became the laughingstock among the staff.

79. The repeated age-based ridicule, Ms. Thomas's failure to stop after Plaintiff objected, and Ms. Mena's laughter, dismissal of Plaintiff's complaint, and refusal to address the conduct or offer any resolution caused Plaintiff embarrassment, depression, and stress.

80. These working conditions became so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

81. Plaintiff resigned on October 4, 2024, and was thereby constructively discharged.

82. The FCRA states, in pertinent part:

> "It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.
>
> See Fla. Stat. § 760.10(7).

83. Plaintiff engaged in protected activity by objecting to Ms. Thomas's age-based remarks and by reporting those remarks to Defendant's office manager. Defendant knew of Plaintiff's protected activity through Ms. Mena. When Plaintiff reported the age-based conduct, Ms. Mena laughed, told Plaintiff not to worry about it, declined to address the conduct with Ms. Thomas, offered no resolution, and dismissed Plaintiff's complaint as a joke. Defendant thereby left the complained-of conditions unremedied, and Plaintiff became the laughingstock among the staff. This post-complaint response and the resulting working conditions were materially adverse, would dissuade a reasonable employee from complaining about age discrimination, and became so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign. Plaintiff resigned on October 4, 2024. Defendant retaliated against Plaintiff because she opposed age discrimination, in violation of Fla. Stat. § 760.10(7).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that the practices complained of herein are unlawful under applicable Federal and State laws;

B. Declare that the actions of the Defendant constituted unlawful discrimination and retaliation;

C. Grant an injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

D. Determine the damages sustained by Plaintiff as a result of Defendant's violations of the ADEA and the FCRA and award only those remedies available under the statute governing each claim, including back pay, front pay or other equitable relief, liquidated damages under the ADEA for any willful violation, and compensatory and punitive damages under the FCRA to the extent permitted by law, together with pre-judgment and post-judgment interest as allowed by law;

E. Award Plaintiff her reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

F. Grant Plaintiff such other and further relief that the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Amended Complaint.

Dated: Flushing, New York
October 6, 2026

Respectfully submitted,

*/s/ David Pinkhasov*
David Pinkhasov, FL # 1040933
**CONSUMER ATTORNEYS**
68-29 Main Street
Flushing NY 11367
T: (718) 701-4605
F: (718) 247-8020
E: dpinkhasov@consumerattorneys.com

**SAGE LEGAL LLC**

Emanuel Kataev, Esq.
*Admitted pro hac vice*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Bibi Jaggernauth*